**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| MA GUADALUPE ESCOBEDA, | ) |
| Plaintiff, | ) |
| vs. | ) NO. CIV-11-428-D |
| BALON CORP., | ) |
| Defendant. | ) |

## ORDER

Before the Court is the Defendant's Motion for Partial Dismissal [Doc. No. 6]. Plaintiff timely responded, and Defendant filed a reply.

Plaintiff filed this action in the District Court of Oklahoma County, asserting federal and state claims based on the termination of her employment by Defendant. Defendant then removed the action to this Court, asserting federal jurisdiction based on the existence of a federal question. In its motion, Defendant now seeks dismissal of two claims asserted by Plaintiff: 1) her claim based on a violation of the Oklahoma Anti-Discrimination Act ("OADA"), Okla. Stat. tit. 25 § 1101 *et seq.*; and 2) her common law tort claim based on *Burk v. K-Mart Corp.*, 770 P. 2d 24 (Okla. 1989). Plaintiff's OADA claim asserts that her termination violated the statutory prohibition against discrimination in employment on the basis of a handicap, Okla. Stat. tit. 25 § 1901(A). In her *Burk* claim, she contends her termination violated Oklahoma public policy prohibiting handicap discrimination, as embodied in the OADA.

Defendant seeks dismissal of these two claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing the allegations in the Petition[1] establish that the claims are untimely

---

[1] Because the action originated in state court, the allegations are set forth in a petition rather than a complaint.

because Plaintiff failed to exhaust the required administrative remedies prior to asserting these claims. As Defendant correctly notes, the OADA contains an express requirement that an employee must timely file an administrative charge of discrimination with the Oklahoma Human Rights Commission prior to filing suit on the basis of handicap discrimination. Okla. Stat. tit. 25 § 1901(A). Furthermore, the OADA expressly provides that the administrative charge must be filed within 180 days of the alleged discriminatory practice. *Id.* at § 1502. In this case, Plaintiff alleges at paragraph 6 of the Petition that her employment was terminated on April 30, 2010. She also alleges that she filed a charge of discrimination with the Equal Employment Opportunity Commission on December 28, 2010, alleging unlawful employment discrimination on the basis of disability and national origin. Petition at ¶ 8. Thus, the allegations in the Petition establish the charge was not filed until approximately 242 days after her termination, well beyond the 180-day statutory limit. Accordingly, Defendant seeks dismissal of Plaintiff's OADA claim on the grounds that it is untimely. *See Atkinson v. Halliburton Co.*, 905 P. 2d 772, 775-76 (Oklahoma 1995); *Forcum v. Via Christi Health System, Inc.,* 137 P. 3d 1250, 1253 (Okla. Civ. App. 2006).

In her response, Plaintiff concedes that her administrative charge was not timely filed as required by the OADA, and the OADA claim must be dismissed. Accordingly, the motion to dismiss the OADA claim is GRANTED.

Defendant also seeks dismissal of Plaintiff's *Burk* claim to the extent that it is based on the public policy set forth in the OADA, arguing that the *Burk* claim also requires exhaustion of administrative remedies prior to the filing of a lawsuit. Plaintiff disputes this contention, arguing that *Burk* does not require exhaustion.

As Defendant correctly argues, however, the Oklahoma Supreme Court has rejected

Plaintiff's contention. In *Atkinson,* the Court held that exhaustion of the procedural requirements in the OADA, including the administrative remedies, is a condition precedent to filing a *Burk* claim based on the public policy in the OADA. *See Atkinson,* 905 P. 2d at 777. Thus, exhaustion of administrative remedies is a "*jurisdictional* prerequisite for resort to the courts." *Shackelford v. Oklahoma Dept. of Corrections,* 182 P. 3d 167, 168 (Okla. Civ. App. 2007) (emphasis in original). The federal courts applying Oklahoma law have also found exhaustion of administrative OADA remedies a prerequisite to the pursuit of a *Burk* claim based on the OADA. *Curtis v. Eaglemed, LLC,* 2011 WL 220001, at *2 (W.D. Okla. Jan. 21, 2011) (unpublished opinion); *Barham v. K Mart Corporation,* 2010 WL 3650684, at * 4 (N.D. Okla. Sept. 14, 2010) (unpublished opinion). *See also Steffek v. Kingfisher Regional Hospital,* Case No. CIV-10-17-R (W.D. Okla.) Order of June 4, 2010 [Doc. No. 16].

In this case, Plaintiff offers no argument or authority to support her contention that, notwithstanding her admitted failure to timely exhaust administrative remedies, she may pursue a *Burk* claim based on a violation of the OADA's public policy. As Defendant argues in its reply, the decision on which Plaintiff relies, *Smith v. Pioneer Masonry, Inc.,* 226 P. 3d 687 (Okla. 2009), does not address the OADA administrative prerequisites to the filing of a *Burk* claim. Plaintiff offers no other authority which could support her contention that she was not required to timely exhaust her OADA administrative remedies prior to asserting a *Burk* claim based on the OADA public policy prohibiting handicap discrimination. Accordingly, the Court finds the *Burk* claim must be dismissed for failure to timely exhaust OADA administrative remedies prior to filing this action.

For the foregoing reasons, Defendant's Motion for Partial Dismissal [Doc. No. 6] is GRANTED. Plaintiff's statutory claim based on a violation of the OADA's prohibition against

handicap discrimination and her *Burk* claim are dismissed. The action will proceed on Plaintiff's remaining claims.

      IT IS SO ORDERED this 8th day of November, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE