**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| MA GUADALUPE ESCOBEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-11-428-D |
| | ) | |
| BALON CORP., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On December 14, 2011, the Court entered its Order [Doc. No. 25] granting the motion of Plaintiff's counsel, E. Edouard Bonzie, to withdraw as counsel of record in this action. In the Order, the Court noted that Mr. Bonzie's motion stated Plaintiff had notified him she has retained new counsel to represent her in this action. Because no additional counsel had entered an appearance, the Court ordered Plaintiff to direct her new counsel to file an entry of appearance no later than 21 days from the date of the December 14, 2011 Order.

That deadline expired some time ago, and no new counsel has entered an appearance on behalf of Plaintiff, nor has Plaintiff requested an extension of the deadline or filed anything in this case. The Court also notes that, because of the anticipated entry of appearance by new counsel, the status and scheduling conference originally set for January 5, 2012 was stricken to be rescheduled after the entry of appearance was filed. Plaintiff's failure to timely secure new counsel has thus delayed this litigation.

The Court has the inherent power in the exercise of its sound discretion to dismiss a cause for want of prosecution. *Advantedge Business Group, L.L.C. v. Thomas E. Mestmaker & Associates, Inc.*, 552 F. 3d 1233, 1236 (10th Cir. 2009): *Reed v. Bennett*, 312 F. 3d 1190, 1195 (10th Cir. 2002). Similarly, the Court has "very broad discretion to use sanctions where necessary to

insure...that [parties and their lawyers] fulfill their high duty to insure the expeditious and sound management of the preparation of cases for trial." *Mulvaney v. Rivair Flying Serv., Inc.* (*In re Baker*), 744 F.2d 1438, 1440 (10th Cir. 1984). Pursuant to Rule 16(f) of the Federal Rules of Civil Procedure, the Court may issue any "just orders" where parties fail to "obey a scheduling or other pretrial order."

Plaintiff's failure to comply with the Court's December 14, 2011 Order interferes with the Court's ability to manage this litigation and prevents the expeditious prosecution of her claims. Accordingly, Plaintiff is ordered to direct her new counsel to file an entry of appearance in this action no later than fourteen (14) days from the date of this Order. Plaintiff is cautioned that failure to comply with that deadline will result in the dismissal of this case without prejudice. Mr. Bonzie is directed to provide a copy of this Order to Plaintiff immediately after his receipt of the same.

IT IS SO ORDERED this 3rd day of February, 2012.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE